Kara L. Jassy, Bar No. 198846
kjassy@littler.com
Lauren Manso, Bar No. 331874
lmanso@littler.com
LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, California  90071
Telephone:  213.443.4300
Fax No.:      800.715.1330

Attorneys for Defendant
SPACE EXPLORATION TECHNOLOGIES
CORP.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| JOEL SOILEAU,<br><br>       Plaintiff,<br><br>  v.<br><br>SPACE EXPLORATION<br>TECHNOLOGIES CORP.,<br><br>       Defendant. | Case No. 24-cv-6397<br><br>**NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION**<br><br>**[28 U.S.C. §§ 1332, 1441(b), 1446]**<br><br>Trial Date:      None Set<br>Complaint Filed:  June 20, 2024<br>(Los Angeles Superior Court – Case No. 24TRCV02068) |
| --- | --- |

LITTLER
MENDELSON P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA
90071
213.443.4300

**TO THE CLERK OF THE U.S. DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF JOEL SOILEAU, *IN PRO PER*:**

PLEASE TAKE NOTICE that Defendant SPACE EXPLORATION TECHNOLOGIES CORP. ("Defendant" or "SpaceX") removes to this Court the state court action described herein.  Defendant removes the captioned action from the Superior Court of the State California for the County of Los Angeles.  Removal jurisdiction is proper in this Court pursuant to 28 U.S.C. section 1441(a) and (b) due to complete diversity of the parties' citizenship.

## I.  STATEMENT OF JURISDICTION

1.  This Court has original jurisdiction based upon the existence of diversity jurisdiction. *See* 28 U.S.C. §§ 1332(a)(1), 1441(a), 1441(b) and 1446. As set forth below, this case meets all of Section 1332's requirements that the suit is between citizens of different States, and the amount in controversy exceeds $75,000.00.

## II.  PLEADINGS, PROCESS, AND ORDERS

2.  On or about June 20, 2024, Plaintiff Joel Soileau ("Plaintiff") filed a Complaint for Damages ("Complaint") against Defendant in the Superior Court of the State of California, Los Angeles County, Case No. 24TRCV02068 ("State Court Action"). Plaintiff's Complaint asserts the following cause of action: (1) Intentional Tort.

3.  On June 27, 2024, Plaintiff served Defendant with the Summons and Complaint. True and correct copies of these documents, including attachments, are attached to the Declaration of Kara Jassy ("Jassy Decl."), ¶ 3, Exhibit A.

4.  On July 29, 2024, Defendant filed a general denial and affirmative defenses to the Complaint in Los Angeles County Superior Court.  A true and correct copy of Defendant's general denial and affirmative defenses is attached to the Jassy Declaration, ¶ 4, Exhibit B.

LITTLER
MENDELSON P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA
90071
213.443.4300

2

5.      Pursuant to 28 U.S.C. section 1446(d), the attached exhibits constitute all process, pleadings, and orders served on Defendant in the State Court Action. To Defendant's knowledge, no other process, pleadings, or orders related to this case have been filed or served by any party in the State Court Action. Jassy Decl., ¶ 5.

6.      To Defendant's knowledge, no proceedings related hereto have been heard in the State Court Action. Jassy Decl., ¶ 7.

## III.    TIMELINESS OF REMOVAL

7.      This Notice of Removal is timely filed because it is being filed within thirty (30) days of June 27, 2024, the date of service of the Summons and Complaint, and within one year of the initiation of the State Court Action. *See* 28 U.S.C. § 1446(b).

## IV.    DIVERSITY JURISDICTION

8.      The diversity of citizenship statute, 28 U.S.C. Section 1332(a), provides in relevant part:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –
>
> (1) citizens of different States . . . .

9.      This action is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. section 1332(a), and is one that may be removed to this Court by Defendant pursuant to 28 U.S.C. section 1441(b) because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below.

### A.    Diversity of Citizenship

10.    Plaintiff is a citizen of Florida:  For diversity jurisdiction purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983). A person's domicile is the place he or she resides with the intention to remain, or to which he or she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

LITTLER
MENDELSON P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA
90071
213.443.4300

3

11.     At the time Plaintiff commenced the State Court action, and at the time of removal, Plaintiff was a citizen of the state of Florida. Plaintiff sets forth his address on the Summons he served with the Complaint: 862 Breakfast Point Boulevard, Panama City Beach, FL, 32407.  Complaint Summons; *see also Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (residency can create a rebuttable presumption of domicile supporting diversity of citizenship); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519-20 (10th Cir. 1994) (allegation by party in state court complaint of residency "created a presumption of continuing residence in [state] and put the burden on coming forward with contrary evidence on the party seeking to prove otherwise"); *Smith v. Simmons*, 1:05-CV-01187-OWW-GSA, 2008 WL 744709, at *22 (E.D. Cal. March 18, 2008) (place of residence provides "prima facie" case of domicile). Therefore, Plaintiff is a citizen of Florida for diversity jurisdiction purposes.

12.     <u>SpaceX is not a citizen of Florida:</u>  For diversity jurisdiction purposes, a corporation is deemed a citizen of its state of incorporation and the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  As clarified by the United States Supreme Court in *Hertz Corp. v. Friend*, 559 U.S. 77 (2010), "the phrase 'principal place of business' [in Section 1332(c)(1)] refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities.  Lower federal courts have often metaphorically called that place the corporation's 'nerve center.'  We believe that the 'nerve center' will typically be found at a corporation's headquarters." (Citations omitted.) *See also Breitman v. May Co. California*, 37 F.3d 562, 564 (9th Cir. 1994) (corporation is citizen of state in which its corporate headquarters are located and where its executive and administrative functions are performed).

13.     Here, SpaceX is incorporated in the State of Texas. Moreover, SpaceX's principal place of business, *i.e.*, the "nerve center" where it performs executive and administrative functions, is located in Texas. SpaceX's CEO and SpaceX's President &

LITTLER
MENDELSON P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA
90071
213.443.4300

4

COO are based in Texas.  Consequently, SpaceX is not a citizen of Florida; rather, it is a citizen of Texas.

14.     Therefore, the State Court Action satisfies the diversity requirements for removal because Plaintiff is a citizen of the State of Florida, Defendant is a citizen of Texas, and there are no other parties.

**B.     Amount in Controversy**

15.     Here, the amount in controversy far exceeds the minimum required to invoke diversity jurisdiction ($75,000), and all of the other requirements for diversity jurisdiction are met. 28 U.S.C. § 1332.

16.     When a complaint alleges a specific monetary amount greater than $75,000, it is presumed that the jurisdictional requirement is met. *St. Paul Mercury Indem. Co. v. Red Cab Co*., 303 U.S. 283, 288 (1938); *Choice Hotels Intern., Inc. v. Shiv Hospitality, L.L.C*., 491 F.3d 171, 176 (4th Cir. 2007).  Here, Plaintiff's Complaint seeks, *inter alia,* compensatory damages, special damages, and court costs.  Complaint, Demand for Relief.

17.     Plaintiff's Complaint specifically states he seeks (a) compensatory damages as future salary in the amount of $5,524,460.00; (b) compensatory damages as unvested stock awards in the amount of $103,984.00; (c) special damages as tax payment reimbursement in the amount of $2,044,050; (d) court costs; and (e) any other relief deemed proper.  Complaint, Demand for Relief, ¶ 1-5.

18.     Thus, Plaintiff's Complaint clearly states an amount in damages that far exceeds the minimum amount in controversy requirement of $75,000.

19.     Even if a plaintiff's state court complaint were silent as to the amount of damages claimed, the removing defendant need only establish that it is more probable than not that the plaintiff's claim exceeds the jurisdictional minimum.  *Sanchez v. Monumental Life Ins. Co.,* 95 F.3d 856, 860-861 (9th Cir. 1996), *amended by, rehearing en banc denied by,* 102 F.3d 398, 404 (9th Cir. 1996).  Moreover, all claims can be aggregated to meet the minimum jurisdictional amount. *See Bank of Calif. v. Twin*

LITTLER
MENDELSON P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA
90071
213.443.4300

5

*Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972); *Angus v. Shiley Inc.,* 989 F.2d 142, 146 (3d Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated"). The Notice of Removal need only contain a "short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87 (Dec. 15, 2014) (*citing* 28 U. S. C. §1446(a)). Defendant need only plausibly allege that the amount in controversy exceeds $75,000. *Id*. at 553 ("The defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court.")

20. Economic damages, non-economic damages, general damages, attorney's fees and costs, and punitive damages are all included in determining the amount in controversy. *See Anthony v. Sec. Pac. Fin. Servs., Inc.*, 75 F.3d 311, 315 (7th Cir. 1996) (prayer for punitive damages included in determining amount in controversy); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) (prayer for attorney's fees included in determining the amount in controversy where potentially recoverable by statute). The Court may examine the nature of the action and the relief sought and take judicial notice of attorney's fee awards in similar cases. *See, e.g., Simmons v. PCR Tech.,* 209 F.Supp.2d 1029, 1035 (N.D. Cal. 2002) (noting that attorney's fees in individual employment discrimination cases often exceed damages). Furthermore, such fees are calculable beyond the time of removal. *Id*.

21. Plaintiff alleges that he was terminated in May of 2023. *See* Jassy Decl., Exhibit A, Complaint, ¶ 7. Plaintiff alleges that at the time of his separation he was earning $196,600 per year. If Plaintiff were to prevail on his claims, he could be entitled to lost earnings (*e.g.*, back pay) of over $219,286 from his separation in May 2023 through the filing of his instant Complaint on June 20, 2024 – with that amount growing as this case progresses.[1] For example, if trial were set for approximately eighteen

---

[1] $94.52/hour x 40 hours/week x 58 weeks (from termination on May 9, 2023 to filing of Complaint on June 20, 2024) = $219,286.

LITTLER
MENDELSON P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA
90071
213.443.4300

6

months after Defendant was served, trial would be on or about December 26, 2025. If Plaintiff were to recover back wages from the date of termination (May 9, 2023) through trial (December 26, 2025), Plaintiff may be seeking a total of approximately 31.5 months of lost wages, or nearly $517,970, not including the value of employment benefits.[2]

a)  In addition, Plaintiff's lost earnings allegations do not contain a limit in their temporal scope. Front pay awards in California frequently span a number of years. *See Smith v. Brown-Forman Distillers Corp.*, 196 Cal. App. 3d 503, 518 (1989) (front pay until mandatory retirement age reached); *Rabago-Alvarez v. Dart Indus., Inc.*, 55 Cal. App. 3d 91, 97-98 (1976) (four years).[3] Even conservatively estimating that Plaintiff seeks front pay benefits for only two years after the filing of his instant Complaint, the amount of future wages in controversy in this case would total an additional $396,984.[4]

b)  Therefore, the requirements of 28 U.S.C. § 1332(a) have been met in that the amount in controversy exceeds $75,000, exclusive of interests and costs, and because this is a civil action between citizens of different states. As such, the United States District Court for the Central District of California has original jurisdiction over this matter and removal is authorized under 28 U.S.C. §1441(b).

**V.   VENUE**

---

[2] $94.52/hour x 40 hours/week x 137 weeks (from termination on May 9, 2023 through trial on December 26, 2025) = $517,970.

[3] Some of what is characterized as "front pay" herein would necessarily be "back pay" at the time of adjudication of Plaintiff's claims. *Lowe v. Cal. Res. Agency*, 1 Cal. App. 4th 1140, 1144 (1991) ("(B)ack pay refers to the amount that plaintiff would have earned but for the employer's unlawful conduct, minus the amount that plaintiff did earn or could have earned if he or she had mitigated the loss by seeking or securing other comparable employment."); *Pollard v. E.I. du Pont de Nemours & Co.* 532 U.S. 843, 853 (2001) ("A front pay…award is the monetary equivalent of the equitable remedy of reinstatement.") Whether alleged lost wages for the months between the filing of Plaintiff's Complaint and trial is characterized as a "back pay" or "front pay" remedy, the total amount in controversy related to alleged wage loss remains the same.

[4] $94.52/hour x 40 hours/week x 105 weeks (from termination on May 9, 2023 to May 9, 2025) = $396,984.

LITTLER MENDELSON P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA
90071
213.443.4300

22.     Venue lies in the Central District of California pursuant to 28 U.S.C. sections 84(b) and 1441(a). This action was originally brought in the Superior Court of the State of California, County of Los Angeles. Actions arising in Los Angeles County shall be commenced in the Western Division of the Central District.

## VI.   NOTICE OF REMOVAL

23.     Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of such filing will be given by the undersigned to Plaintiff, who is acting *in pro per*. In addition, a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California, County of Los Angeles.

## VII.   CONCLUSION

24.     WHEREFORE, Defendant removes the action now pending against it in the Los Angeles County Superior Court to the United States District court for the Central District of California, and requests that this Court retain jurisdiction for all further proceedings.

Dated: July 29, 2024

LITTLER MENDELSON, P.C.

Kara L. Jassy
Lauren Manso

Attorneys for Defendant
SPACE EXPLORATION
TECHNOLOGIES CORP.

LITTLER
MENDELSON P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA
90071
213.443.4300

8