O

# United States District Court
# Central District of California

| | |
|---|---|
| JOEL SOILEAU,<br><br>             Plaintiff,<br><br>    v.<br><br>SPACE EXPLORATION TECHNOLOGIES CORP.,<br><br>             Defendant. | Case No. 2:24-cv-06397-ODW (Ex)<br><br>**ORDER DENYING MOTION TO REMAND [15]; AND GRANTING MOTION TO COMPEL ARBITRATION [18]** |

## I.  INTRODUCTION

Plaintiff Joel Soileau, proceeding pro se, filed this action against his former employer, Defendant Space Exploration Technologies Corp. ("SpaceX"), in California Superior Court.  (Decl. Kara L. Jassy ISO Removal ("Jassy NOR Decl.") Ex. A ("Complaint" or "Compl."), ECF No. 1-2.)  SpaceX removed the case to federal court based on alleged diversity jurisdiction.  (Notice Removal ("NOR") ¶ 1, ECF No. 1.)  Soileau now moves to remand and SpaceX moves to compel Soileau to arbitration. (Mem. ISO Mot. Remand ("Mot. Remand") 4–5, ECF No. 15-2; Mem. ISO Mot. Compel ("Mot. Compel") 6, ECF No. 18-1.)  For the reasons below, the Court **DENIES** the Motion to Remand and **GRANTS** the Motion to Compel Arbitration.[1]

---

[1] After carefully considering the papers filed in connection with the Motions, the Court deemed the matters appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II.  BACKGROUND

SpaceX employed Soileau at its facility in Cape Canaveral, Florida. (Decl. Sandrah Miloszewski ISO Mot. Compel ("Miloszewski Decl.") ¶ 3, ECF No. 18-3.) As a condition of employment, SpaceX requires all employees, including Soileau, to sign an arbitration agreement ("Agreement") that mandates binding arbitration for covered disputes. (*Id.* ¶¶ 4–5, Ex. A ("Agreement"), ECF No. 18-4.) On June 6, 2022, Soileau signed the Agreement and thereafter continued to work at SpaceX until his termination in May 2023. (*Id.* ¶ 4; Agreement 5; Compl. ¶ 7.)

Following his termination, Soileau filed a complaint with the California Civil Rights Department ("CRD"), alleging that SpaceX unlawfully terminated his employment. (Compl. ¶¶ 1, 7–14.) In May 2023, the California Department of Fair Employment & Housing, and the U.S. Equal Employment Opportunity Commission ("EEOC") issued a discrimination charge against SpaceX and initiated an investigation into Soileau's termination. (*See id.* ¶ 8.) In July 2023, SpaceX informed the CRD that Soileau was not a California employee because he was employed at SpaceX's Florida facility, and CRD could not investigate the charge. (*Id.* ¶ 9.) Separately, the EEOC acknowledged that the appropriate state employment agency would need to investigate the discrimination charge. (*Id.* ¶ 10.) In April 2024, lacking such an investigation, the EEOC closed its proceedings. (*Id.* ¶ 11.)

After the EEOC closed its investigation, Soileau filed this action against SpaceX in California state court. (*See generally* Compl.) Soileau alleges that SpaceX misrepresented his employment location to the CRD when it reported he was a Florida employee and not a California employee. (*Id.* ¶¶ 12–13.) He contends that, with this false report to the CRD, SpaceX obstructed justice and caused the CRD to stop investigating his charge. (*Id.*)

SpaceX removed Soileau's case to federal court. (NOR.) SpaceX asked Soileau to arbitrate his claim pursuant to the Agreement, but Soileau refused. (Decl. Kara L. Jassy ISO Mot. Compel ("Jassy Compel Decl.") ¶¶ 2–4, ECF No. 18-2.)

Accordingly, SpaceX now seeks to compel arbitration of Soileau's claim per the Agreement, or alternatively to dismiss for failure to state a claim. (Jassy Compel Decl. ¶ 4; Mot. Compel.) Concurrently, Soileau moves to remand the case to state court and seeks an award of fees and costs. (Mot. Remand 5.) The Motion to Remand and the Motion to Compel ("Motions") are both fully briefed. (Opp'n Remand, ECF No. 19[2]; Reply ISO Remand ("Reply Remand"), ECF No. 22; Opp'n Compel, ECF No. 20; Reply ISO Compel ("Reply Compel"), ECF No. 21.)

### III.   MOTION TO REMAND

As the Court requires jurisdiction to decide the Motion to Compel, it begins with Soileau's Motion to Remand.

**A.   Legal Standard**

Federal courts are courts of limited jurisdiction and possess only that jurisdiction as authorized by the Constitution and federal statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Under 28 U.S.C. § 1441(a), a party may remove a civil action brought in a state court to a district court only if the plaintiff could have originally filed the action in federal court. Federal district courts have original jurisdiction where an action arises under federal law, or where each plaintiff's citizenship is diverse from each defendant's citizenship (i.e., diversity is "complete"), and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a).

There is a strong presumption that a court is without jurisdiction until affirmatively proven otherwise. *Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1190 (9th Cir. 1970); *see Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)

---

[2] In connection with SpaceX's opposition to Soileau's Motion to Remand, SpaceX requests judicial notice of certain facts in the decision of another District Court in the Central District: *Holland-Thielen v. Space Expl. Techs. Corp.*, No. 2:24-cv-06972-CAS (RAOx), 2024 WL 4652812 (C.D. Cal. Oct. 24, 2024). (Req. Judicial Notice, Ex. A, ECF Nos. 26, 26-1.) The Court need not take judicial notice of other court decisions to consider them. *See McVey v. McVey*, 26 F. Supp. 3d 980, 984 (C.D. Cal. 2014). Nor must the Court take judicial notice of this decision for the purposes of the Motion to Remand, as the Court resolves the motion on other grounds. Accordingly, the Court **DENIES** SpaceX's request for judicial notice.

("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). When an action is removed from state court, the removing party bears the burden of demonstrating that removal is proper. *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773 (9th Cir. 2017). Removal is strictly construed, and any doubt as to removal is resolved in favor of remand. *Id.* at 773–74.

**B.     Discussion**

SpaceX removed this case to federal court on the basis of federal diversity subject matter jurisdiction, alleging the amount Soileau has put into controversy exceeds $75,000 and the parties are completely diverse. (NOR ¶¶ 1, 10–21(b).) Soileau moves to remand pursuant to the forum defendant rule, claiming that SpaceX is a citizen of California and removal is improper. (Mot. Remand 4–5.)

*1.     Diversity Jurisdiction*

Soileau does not dispute that the Court possesses diversity jurisdiction. (*See generally* Mot. Remand.) However, courts have an independent obligation to determine whether subject matter jurisdiction exists. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999); *see also* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss the action if subject matter jurisdiction is lacking). As to amount in controversy, Soileau seeks at least $7,672,494 in damages, easily exceeding the jurisdictional threshold. (*See* Compl., Demand for Relief ¶¶ 1–3; NOR ¶¶ 15–21.)

Regarding diversity, a defendant's notice of removal need only include plausible allegations supporting complete diversity—i.e., an individual's citizenship based on their domicile and intent to remain, and a corporation's citizenship based on its states of incorporation and principal place of business. *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87 (2014); *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983) (defining individual citizenship); 28 U.S.C. § 1332(c) (defining corporate citizenship).

SpaceX alleges that Soileau is domiciled in Florida, and that SpaceX is incorporated and has a principal place of business in Texas. (NOR ¶¶ 11, 13.) While

Soileau does not dispute his domicile in Florida, he contends SpaceX is also a citizen of California. (Mot. Remand 4.) Regardless of whether SpaceX is a citizen of California or Texas, Soileau and SpaceX are completely diverse in citizenship. Accordingly, SpaceX sufficiently establishes that the Court possesses diversity subject matter jurisdiction.

### 2. Forum Defendant Challenge

Rather than challenge subject matter jurisdiction, Soileau invokes the forum defendant rule to argue that removal is improper because SpaceX "is a citizen of California." (Mot. Remand 4–5.)

The forum defendant rule prohibits removal "if any of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought." 28 U.S.C. § 1441(b)(2). Once the removing party establishes a prima facie case for removal, the burden shifts to the plaintiff to establish that an exception like the forum defendant rule applies. *Artisan & Truckers Cas. Co. v. Hyundai Motor Am.*, No. 8:24-cv-01143-DOC (DFMx), 2024 WL 4454920, at *3 (C.D. Cal. Oct. 8, 2024). The removing party is only required to plead a "short and plain statement," to establish this prima facie case. *See Dart Cherokee*, 574 U.S. at 87; *see also Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("[D]efendants were merely required to allege (not to prove) diversity . . . ."). However, when a defendant's removal allegations are challenged, "both sides submit proof and the court decides, by a preponderance of the evidence," whether removal was proper. *Dart Cherokee*, 574 U.S. at 88 (discussing challenge to removal based on amount in controversy).

Soileau submits no facts, evidence, or argument with his Motion to challenge SpaceX's allegation that it is a citizen of Texas, and offers only the unsupported conclusion that SpaceX "is a citizen of California pursuant to 28 U.S.C. § 1332(c)(1)." (Mot. Remand 4.) Section § 1332(c)(1) provides two bases for a corporation's state of citizenship: the state where it is incorporated and the state where it has its principal place of business. In its Notice of Removal, SpaceX specifically alleges that it is

incorporated and has its principal place of business in Texas. (NOR ¶ 13 (alleging "SpaceX's principal place of business, *i.e.*, the 'nerve center' where it performs executive and administrative functions, is located in Texas" and "SpaceX's CEO and SpaceX's President & COO are based in Texas.").) These allegations are adequate on removal to establish a prima facie showing that SpaceX is incorporated and holds its principal place of business in Texas. *See Hertz Corp. v. Friend*, 559 U.S. 77, 90, 92–93 (2010) (finding the principal place of business, often a corporation's headquarters, is where high-level officers and board members "direct, control and coordinate" the corporation's activities).

However, in his Motion, Soileau does not identify which basis for citizenship he is challenging, i.e., whether he contends SpaceX is incorporated in California, or has its principal place of business there, or both. (*See generally* Mot. Remand.) Nor does Soileau acknowledge or address SpaceX's specific allegations. (*Id.*) Consequently, he fails to cast doubt on them. Absent any facts, evidence, or argument contesting SpaceX's specific allegations, Soileau fails to raise a challenge to SpaceX's assertion that it is a citizen of Texas based on its state of incorporation and principal place of business.[3] Consequently, Soileau fails to meet his burden to establish that SpaceX is a California citizen such that the forum defendant rule bars removal.

As SpaceX establishes the Court's diversity jurisdiction over this action, and as Soileau fails to demonstrate that the forum defendant rule precludes removal, the Court **DENIES** the Motion to Remand. (ECF No. 15.) The Court also **DENIES** Soileau's request for fees and costs because Soileau is pro se and SpaceX's removal was proper. *See Elwood v. Drescher*, 456 F.3d 943, 947 (9th Cir. 2006) ("[P]ro se

---

[3] The Court declines to consider Soileau's late-raised arguments and documents, as Soileau raises them for the first time in his Reply. (*See* Reply Remand 2–4, Exs. A–D, ECF No. 22-1 to 22-4 (arguing for the first time that SpaceX's principal place of business is in California).) "[A]rguments raised for the first time in a reply brief are waived." *Graves v. Arpaio*, 623 F.3d 1043, 1048 (9th Cir. 2010). Introducing new arguments at the reply stage denies the non-moving party "full notice and opportunity to respond." *Avila v. L.A. Police Dep't*, No. 2:11-cv-01326-SJO (FMOx), 2012 WL 12886838, at *4 (C.D. Cal. Feb. 27, 2012).

litigants . . . cannot recover statutory attorneys' fees."), *overruled in part on other grounds by Citizens for Free Speech, LLC v. County of Alameda*, 953 F.3d 655 (9th Cir. 2020); *Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1184 (9th Cir. 2015) (reversing award of fees to plaintiff because defendant's removal was proper).

### IV.  MOTION TO COMPEL

Having established that the Court possesses subject matter jurisdiction, the Court turns to SpaceX's Motion to Compel.

### A. Legal Standard

The Federal Arbitration Act ("FAA")[4] provides that contractual arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  "A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition" the court "for an order directing that such arbitration proceed in the manner provided for" in the agreement.  *Id.* § 4.

In deciding whether to compel arbitration, a court's inquiry is generally limited to "two 'gateway' issues: (1) whether there is an agreement to arbitrate between the parties; and (2) whether the agreement covers the dispute."  *Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015) (quoting *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002)).  "If the response is affirmative on both counts, then the [FAA] requires the court to enforce the arbitration agreement in accordance with its terms."  *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000).

### B. Discussion

SpaceX seeks to compel Soileau to resolve his claim against SpaceX through binding arbitration, based on the Agreement he signed at the outset of his employment.  (Mot. Compel 6.)  SpaceX argues that the Agreement is (1) valid and enforceable, and (2) covers Soileau's claim.  (*Id.* at 9–12.)

---

[4] The Agreement is governed by the FAA.  (Agreement ¶ 11.)

1. *Existence of Valid and Enforceable Arbitration Agreement*

SpaceX argues that the Agreement is valid and enforceable because Soileau undisputedly signed it and acknowledged its enforceability. (Mot. Compel 10–12; Jassy Compel Decl. ¶¶ 3–4.) Nevertheless, Soileau now claims the Agreement is unenforceable. (Opp'n Compel 1.)

    a. Validity

The party seeking to compel arbitration has the burden under the FAA to show by a preponderance of the evidence that a valid, written agreement to arbitrate exists. *Norcia v. Samsung Telecomms. Am., LLC*, 845 F.3d 1279, 1283 (9th Cir. 2017). When deciding whether a valid agreement to arbitrate exists, courts generally "apply ordinary state-law principles that govern the formation of contracts." *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). Under California law, "[t]he party seeking arbitration bears the burden of proving the existence of an arbitration agreement, and the party opposing arbitration bears the burden of proving any defense." *Pinnacle Museum Tower Ass'n v. Pinnacle Mkt. Dev. (US), LLC*, 55 Cal. 4th 223, 236 (2012).

"An essential element of any contract is the consent of the parties, or mutual assent." *Donovan v. RRL Corp.*, 26 Cal. 4th 261, 270 (2001), *as modified* (Sept. 12, 2001). "A party's acceptance of an agreement to arbitrate may be express, as where a party signs the agreement," or may be implied in fact. *Pinnacle Museum Tower Ass'n*, 55 Cal. 4th at 236. Under California law, "an electronic signature has the same legal effect as a handwritten signature." *Ruiz v. Moss Bros. Auto Grp.*, 232 Cal. App. 4th 836, 843 (2014).

As a condition of employment, Soileau signed the Agreement. (Miloszewski Decl. ¶ 4; Agreement 5.) Soileau does not dispute that he electronically signed the Agreement, thereby consenting to its terms. (Jassy Compel Decl. ¶ 4; *see generally* Opp'n Compel.) Indeed, in August 2024, during the meet and confer for SpaceX's Motion to Compel, Soileau acknowledged that he consented to the Agreement by

8

signing it. (Jassy Compel Decl. ¶ 4.) Accordingly, the Court finds that Soileau and SpaceX formed a valid agreement to arbitrate covered claims.

b. Enforceability

Soileau contends the Agreement is unenforceable based on: (1) lack of jurisdiction; (2) equitable estoppel; and (3) the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021 ("EFAA"). (Opp'n Compel 1.) Soileau is mistaken on all points.

First, Soileau contends that the Court lacks subject matter jurisdiction, and therefore lacks the authority to rule on the Motion to Compel. (Opp'n Compel 1–3.) However, as established above, the Court has diversity subject matter jurisdiction over this matter. Accordingly, the Court has the authority to adjudicate the Motion to Compel.

Next, Soileau argues that SpaceX should be equitably estopped from compelling arbitration. (*Id.* at 3–6.) Equitable estoppel is "the doctrine by which a person may be precluded by his act or conduct . . . from asserting a right which he otherwise would have had." *Hass v. Darigold Dairy Prods. Co.*, 751 F.2d 1096, 1099 (9th Cir. 1985) (alteration in original).

So far as the Court can discern, Soileau's equitable estoppel argument proceeds as follows. The Agreement specifically lists a claim for employment discrimination or harassment under California's Fair Employment and Housing Act ("FEHA") as a "Covered Claim," and because Soileau signed the Agreement, Soileau is deemed a California employee and covered by California employment law. (Opp'n Compel 4–5.) This means that the "CRD is the only agency to investigate [Soileau's] charges of harassment under the [A]greement." (*Id.* at 5.) Pursuant to the Agreement, SpaceX "intended to have the Plaintiff report violations [under FEHA] to the CRD," and those violations would thereafter be settled through arbitration. (*Id.* at 6.) However, by reporting to the CRD that Soileau was not a California employee, SpaceX misrepresented the terms of the Agreement and stopped the CRD investigation.

Therefore, SpaceX should be equitably estopped from enforcing the Agreement. (*Id.* at 4–6.)

Soileau entirely miscomprehends the Agreement. The inclusion of California or FEHA claims to define "Covered Claims" in the Agreement does not mean that FEHA is applicable here. Rather, the FEHA claim is listed in the Agreement as an *example* of a claim that will be subject to arbitration, *only if it is raised*. SpaceX's report to the CRD, that Soileau is not a California employee, is in no way contrary to the terms of the Agreement because whether Soileau is a California employee *in fact* is wholly unrelated to whether a California claim is subject to arbitration *in the Agreement*. Equitable estoppel simply does not apply here.[5]

Finally, Soileau argues that the EFAA renders the Agreement unenforceable. (Opp'n Compel 7.) The EFAA states that "no predispute arbitration agreement . . . shall be valid or enforceable with respect to a case which . . . relates to the sexual assault dispute or the sexual harassment dispute." 9 U.S.C. § 402(a). Soileau contends his claim to the CRD that SpaceX discriminated against him involves allegations of sexual assault and harassment, and therefore renders the Agreement unenforceable pursuant to the EFAA. (Opp'n Compel 7 ("The Charge of Discrimination referred to in the initial complaint [to the EEOC and CRD] is in relation to sexual assault and sexual harassment.").) However, even accepting that Soileau's charge to the EEOC and CRD relates to a sexual assault or harassment dispute, the claim in *this case* does not. Rather, in this case, Soileau asserts an "Intentional Tort" alleging that SpaceX falsely reported Soileau's employment location as Florida and obstructed the CRD investigation. (Compl. ¶¶ 12–14.) As such, the claim here does not "relate[] to [a] sexual assault dispute or [a] sexual harassment dispute," 9 U.S.C. § 402, and the EFAA does not apply here to prevent enforcement of the Agreement.

---

[5] To the extent Soileau raises additional arguments linked to equitable estoppel, the Court finds them to similarly rest on starkly false premises or a fundamental misunderstanding of the Agreement's plain language. Accordingly, the Court declines to indulge them.

Accordingly, Soileau fails to meet his burden to show the Agreement is unenforceable.

*2. Scope of Arbitration Agreement*

As the Agreement is valid and enforceable, the only remaining question is whether the scope of the agreement covers Soileau's claim against SpaceX. *Brennan*, 796 F.3d at 1130 (noting the two gateway issues are whether a valid agreement to arbitrate exists and whether the agreement covers the dispute).

Through the Agreement, Soileau and SpaceX agreed to resolve "all Covered Claims . . . through final, binding, and confidential arbitration." (Mot. Compel 11; Agreement ¶ 1.) A "Covered Claim" includes "claims of employment discrimination and harassment," and claims of "tortious conduct (whether intentional or negligent), including defamation, misrepresentation, fraud, [or] infliction of emotional distress," among others. (Agreement ¶ 3.) Here, Soileau asserts a cause of action for "Intentional Tort," alleging that SpaceX obstructed the CRD's investigation when it misrepresented Soileau's state of employment. (Compl. at 1, ¶¶ 12–14.) This qualifies as a "Covered Claim," as defined in the Agreement. Soileau does not disagree. (*See* Jassy Compel Decl. ¶ 4; *see generally* Opp'n Compel.)

Therefore, the Court finds that the Agreement covers Soileau's claim in this case and his claim must be arbitrated. The Court **GRANTS** the Motion to Compel. (ECF No. 18.) Consequently, the Court declines to reach SpaceX's arguments for dismissal.

## V.   CONCLUSION

For the reasons discussed above, the Court **DENIES** Soileau's Motion to Remand, (ECF No. 15), and **GRANTS** SpaceX's Motion to Compel Arbitration, (ECF No. 18). Pursuant to 9 U.S.C. § 3, the Court **STAYS** this action pending completion of arbitration. *Smith v. Spizzirri*, 601 U.S. 472, 478–79 (2024). The parties are **ORDERED** to file a joint status report every **ninety (90) days**, beginning **ninety (90) days** after the date of this Order. The parties are also **ORDERED** to file a

11

joint status report within **ten (10) days** of completion of the arbitration proceedings. All other dates and deadlines are **VACATED**.

**IT IS SO ORDERED.**

December 4, 2024

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**