**O**

# United States District Court
# Central District of California

JOEL SOILEAU,

                Plaintiff,

    v.

SPACE EXPLORATION
TECHNOLOGIES CORP.,

                Defendant.

Case No. 2:24-cv-06397-ODW (Ex)

**ORDER GRANTING MOTION TO CONFIRM ARBITRATION AWARD [38]**

## I.   INTRODUCTION

Before the Court is Defendant Space Exploration Technologies Corp.'s ("SpaceX") Motion to Confirm Arbitration Award.  (Mem. ISO Mot. Confirm Arbitration Award ("Motion" or "Mot.") 1, Dkt No. 38-1.)   Plaintiff Joel Soileau opposes.  (*See* Opp'n. Mot. ("Opp'n.") 1, Dkt. No. 40.)   For the reasons discussed below, the Court **GRANTS** the Motion.[1]

## II.   BACKGROUND

SpaceX previously employed Soileau at its facility in Cape Canaveral, Florida. (Order Den. Remand & Granting Compel Arbitration ("Prior Order") 2, Dkt. No. 27.) After SpaceX terminated his employment, Soileau initiated this legal action against

---

[1] After carefully considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

SpaceX in a continuing dispute over the reason for his termination. (*Id.*) SpaceX moved to compel arbitration of Soileau's claims based on an agreement to arbitrate that Soileau had signed pursuant to his employment. (*Id.* at 3.) On December 4, 2024, the Court granted SpaceX's motion and compelled the parties to arbitrate pursuant to the arbitration agreement and the Federal Arbitration Act ("FAA"). (*Id.* at 7–11.)

Soileau eventually complied and filed demands to arbitrate his claims with JAMS. (Decl. Kara L. Jassy ISO Mot. ("Jassy Decl.") ¶ 4, Dkt. No. 38-2.) JAMS consolidated the matters in Florida, where the arbitration proceeded. (*Id.* ¶ 6.) Ultimately, on August 6, 2025, the arbitrator issued his final decision dismissing Soileau's claims with prejudice and entered a final award in SpaceX's favor. (*Id.* ¶ 12, Ex. 2 ("Arbitration Award"), Dkt. No. 38-2.)

SpaceX now seeks a court order confirming the Arbitration Award pursuant to the FAA, 9 U.S.C. § 9. (Mot. 1.) Soileau opposes the Motion. (Opp'n, Dkt. 40.[2])

### III.   LEGAL STANDARD

Where a party seeks an order confirming an arbitration award under the FAA, "the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." 9 U.S.C. § 9. Judicial review of arbitration awards is "extremely limited" and highly "deferential." *Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 998 (9th Cir. 2003). Therefore, a court will set aside an arbitrator's decision "only in very unusual circumstances," *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 942 (1995), such as where the arbitrator

---

[2] Local Rule 11-6.1 provides that "no memorandum of points and authorities . . . may exceed 7,000 words, including headings, footnotes, and quotations." Local Rule 11-6.2 requires a party to attach a certificate to "any memorandum of points and authorities" attesting to their compliance with this word count limitation. Soileau submits an opposition in excess of 20,000 words, with no certificate of compliance. Despite Soileau's noncompliance with the Court's rules, the Court declines to strike his opposition. However, the Court considers Soileau's brief only through page 44, after which it exceeds the word count limit.

exceeds her authority or demonstrates a manifest disregard for the law, *Kyocera Corp.*, 341 F.3d at 1002–03.

### IV.    DISCUSSION

SpaceX seeks confirmation of the Arbitration Award dismissing Soileau's claims with prejudice. (Mot. 3–4.)  SpaceX complies with the statutory conditions for confirming the Arbitration Award as it filed its Motion within one year after the award was made and served notice of the Motion on Soileau.  9 U.S.C. § 9.  Thus, the Court must confirm the award unless Soileau establishes a basis to vacate, modify, or correct it.  *Id.*  Soileau asserts the Court should deny SpaceX's Motion on numerous grounds, including that: the Court lacks jurisdiction to confirm because the arbitration occurred in Florida; the Arbitration Award is fraudulent, largely for the same reason; and the arbitration proceeding itself was unlawful because the agreement is not valid and the arbitrator was corrupt.  (*See generally* Opp'n 13–16.[3])

First, Soileau argues the Court lacks jurisdiction to confirm the award because the arbitration occurred in Florida.  (Opp'n 21–24.)  A motion to confirm, vacate, or modify is properly brought in either the district where the award was made or any district proper under the general venue statute.  *Cortez Byrd Chips, Inc. v. Bill Harbert Constr. Co.*, 529 U.S. 193, 201–204 (2000).  Additionally, a court with the power to stay an action for arbitration also has the authority to confirm the arbitration award. *Marine Transit Corp. v. Dreyfus*, 284 U.S. 263, 275–276 (1932).  Here, this district is proper under the general venue statute, 28 U.S.C. § 1391, and, as the Court previously held, it possesses diversity jurisdiction over this action, (Prior Order 3–7).  Thus, the Court possesses the authority, as it did when it compelled arbitration and stayed the case, to properly resolve SpaceX's Motion now.

---

[3] In addition, Soileau argues the Court cannot confirm the Arbitration Award because it lacks personal and subject matter jurisdiction over him and this action.  (Opp'n 17–23.)  The Court previously considered these arguments and rejected them when it denied Soileau's motion for remand. (Prior Order 3–7.)  The Court declines to revisit those issues here.

Next, Soileau argues the Arbitration Award is fraudulent, because the arbitration occurred in Florida instead of California and because he claims the arbitration agreement is not valid or enforceable. (Opp'n 32–42.) The Court considered the issue of a Florida forum when it granted SpaceX's motion to compel arbitration. (*See* Mem. ISO Mot. Compel Arbitration 16–17, Dkt. No. 18-1 (arguing that Florida was the appropriate forum).) JAMS also considered the issue and similarly determined that Florida was the appropriate forum. (Jassy Decl. ¶ 6.) Further, the Court previously found that the arbitration agreement is valid and enforceable. (Prior Order 8–10.) The Court declines to reconsider these findings.

Finally, to the extent Soileau seeks to vacate, modify, or appeal the Arbitration Award with his opposition, those arguments are procedurally improper and untimely. The FAA requires a party to file a motion to vacate, modify, or correct an arbitration award and to "serve[ it] upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C. § 12. This deadline is strict and a motion will be denied if it is even one day late. *Stevens v. Jiffy Lube Int'l, Inc.*, 911 F.3d 1249, 1251 (9th Cir. 2018). In this case, the arbitrator signed the Arbitration Award on August 6, 2025, and served it on the parties on August 27, 2025. (Jassy Decl. ¶ 12; Arbitration Award 6.) Thus, Soileau must have served notice of a motion to vacate or modify the award no later than November 25, 2025. 9 U.S.C. § 12. However, Soileau did not challenge the Arbitration Award in a noticed motion, nor did he file his opposition asserting these challenges until January 12, 2026. (*See* Opp'n.) Thus, any arguments to vacate, modify, or appeal the award in the opposition are procedurally improper and untimely.

SpaceX complied with the statutory conditions for confirming the Arbitration Award and Soileau fails to establish any ground for vacating or modifying it. Accordingly, the Court **GRANTS** SpaceX's Motion and **CONFIRMS** the Arbitration Award.

## V.   CONCLUSION

For the reasons discussed above, the Court **GRANTS** SpaceX's Motion to Confirm Arbitration Award.  (Dkt. No. 38.)

**IT IS SO ORDERED.**

April 16, 2026

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**